IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IRIS N. LÓPEZ-SÁNCHEZ,

Plaintiff

v.

EDUARDO J. VERGARA-AGOSTINI, et al.,

Defendants

CIVIL 03-1073 (SEC) (JA)

O R D E R

Prevailing plaintiff moved for an award of attorney's fees on December 22, 2005, (Docket No. 89), as well as for reinstatement. (Docket No. 88.) In view of the then pending post-trial motions, the defendants had until March 10, 2006 to oppose the same. On March 13, 2006, plaintiff pressed the court to rule upon the unopposed motion for fees and for reinstatement. (Docket No. 108.) The defendants filed a Notice of Appeal on March 20, 2006, (Docket No. 109), and an amended Notice of Appeal on March 21, 2006. (Docket No. 110.)

ATTORNEY'S FEES

Having reviewed the petition for an award of attorney's fees, and notwithstanding the notice of appeal, see Reyes Canada v. Rey Hernández, 411 F. Supp. 2d 53, 55 (D.P.R. 2006), I deny the motion for attorney's fees. While attorney Fernández has filed a summary of hours worked by himself and other attorneys involved with the case, the attorneys have failed to file a memorandum detailing the

CIVIL 03-1073 (SEC) (JA)                    2

hours each worked by each of them. "[T]he absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance." Tejada-Batista v. Fuentes-Agostini, 263 F. Supp. 2d 321, 329 (D.P.R. 2003) (quoting Phetosomphone v. Allison Reed Group, Inc., 984 F.2d 4, 8 (1st Cir.1993) (quoting Grendel's Den, Inc., v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984)). The summaries of hours worked are insufficient for me to independently determine reasonable attorney's fees. They must include "a full and precise accounting of [each attorney's] time, including the number of hours, dates, and the nature of the work performed." Tejada-Batista v. Fuentes-Agostini, 263 F. Supp. 2d at 329 (citing Deary v. City of Gloucester, 9 F.3d 191, 197-98 (1st Cir.1993) (citing Calhoun v. Acme Cleveland Corp., 801 F.2d 558, 560 (1st Cir.1986)). Otherwise, I am "in no position to determine which hours are recoverable or to winnow out duplicative, unproductive, or excessive hours as the court is supposed to do." Tejada-Batista v. Fuentes-Agostini, 263 F. Supp. 2d at 329 (citing Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir.2001)). The motion for attorney's fees is DENIED for failure to submit a contemporaneous and reliable accounting of the work performed.

## REINSTATEMENT

Some factors which I take into consideration to determine if reinstatement is warranted include "(1) the strength of the evidence proving the first amendment violation; (2) whether the discharged employee has found comparable work; (3) the

CIVIL 03-1073 (SEC) (JA)                     3

absence of a property right in the position because the employee was hired in violation of local law; and (4) the ineligibility of the employee for the position, due to failure to meet established qualifications, which would permit immediate discharge for no reason or for any permissible reason." Velázquez v. Figueroa-Gómez, 996 F.2d 425, 429 (1st Cir. 1993); see Borges Colón v. Román Abreu, 438 F.3d 1, 20 (1st Cir. 2006).   The evidence of political discrimination was circumstantial and not strong, although the jury tipped the scale in favor of plaintiff. Plaintiff has definitely not found comparable work.  At trial she testified that she did contract work, taught at Interamerican University and gave classes at El Turabo University. She completed her M.A. in Administration from Phoenix University and received her Ph.D. in May, 2005 from Interamerican University.   Under the circumstances, plaintiff did the best she could, but her efforts did not result in her finding comparable employment.  Plaintiff has a property right in her previous employment, and assuming that she did not, the defendants did not give her the opportunity to be rehired by placing her in a preference registry.  It can hardly be gainsaid that plaintiff was qualified to perform the duties of Vocational Academic Director at AAFET.  She invariably received excellent evaluations during her employment for the position, thus easily meeting the  established qualifications of the position.  Another factor which is also weighed is comity.  However, taking comity into consideration, I do not find it offensive to reinstate plaintiff to a vacant

CIVIL 03-1073 (SEC) (JA)                4

position which she occupied, for which she is qualified, and which she surrendered because her First Amendment rights were violated.

Weighing the pertinent factors, including the substantial compensatory damages recovered from the defendants, I find that such factors tip the scale in favor of reinstatement and thus grant the motion for reinstatement. (Docket No. 88.)

Accordingly, it is hereby ORDERED that the defendants, their successors, agents, officers and any other person acting in concert with or on behalf of the defendants, reinstate plaintiff to her former position, at the same salary and with the same fringe benefits she would otherwise have been receiving from the time of her termination, up to the present.

The bill of costs is referred to the Clerk to tax costs which appear properly claimed.

SO ORDERED.

At San Juan, Puerto Rico, this 24th day of March, 2006.

                                            S/ JUSTO ARENAS
                                    Chief Unite States Magistrate Judge